IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KLLMTRANSPORT SERVICES, LLC and
KLLM 401(K) RETIREMENT PLAN                                           PLAINTIFFS


VS.                                                    CIVIL ACTION NO.: 3:09cv609-TSL-JCS


RANDY MOWDY, MOWDY FINANCIAL, LLC,
ALLIANCE PARTNERS, and ALLIANCE
TRUST COMPANY, LLC                                                     DEFENDANTS


### DEFENDANTS' MOTION TO DIMISS/MOTION FOR SUMMARY JUDGMENT

Come now, the Defendants, by and through their attorney of record, and pursuant to Rule 12(b) and (d) and Rule 56, FRCP, file this their Motion to Dismiss/Motion for Summary Judgment, and in support hereto/would state unto the Court the following.

### OVERVIEW

The Plaintiffs' Complaint constitutes an improper and ill-conceived attempt to bootstrap themselves into the jurisdiction of this Court under the guise and subterfuge of diversity between the parties, and, somehow constituting a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC § 101, et seq.  However, the defendants will establish that there is no diversity between plaintiffs and defendants and that this case constitutes nothing more than

a purported contract dispute between plaintiffs, KLLM Transportation Services ("KLLM") and KLLM 401(K) Retirement Plan ("KLLM Plan") and John Hancock Life Insurance Company (USA) ("John Hancock") KLLM "Plan Custodian" and "Record Keeper," and Securities Service Network, Inc. ("SSN") who served as broker dealer for Mowdy Financial.

Specifically, and contrary to plaintiffs' Complaint, all fees and/or commissions paid SSN as broker dealer for Mowdy Financial or to Mowdy Financial were fully and clearly disclosed to plaintiffs and paid under and pursuant to the contracts entered into by KLLM, and KLLM Plan, John Hancock, Securities Services Network, Inc., and Mowdy Financial. These three (3) contracts, (John Hancock; SSN; Mowdy Financial) are all attached hereto and made a part hereof and serve to clearly and unequivocally establish that plaintiffs' complaint should be dismissed and/or a summary judgment be rendered in favor of all of the defendants and against the plaintiffs, for the reasons stated herein below.

## **BRIEF FACTUAL BACKGROUND**

I.

J. Randy Mowdy ("Mowdy") is an adult resident citizen of Ridgeland, Madison County, Mississippi. Mowdy has served as the Managing Member, and sole and only member of defendant, Mowdy Financial, LLC, since its formation on January 1, 2004.

Mowdy is, at all time relevant to, be a licensed life and health and accident insurance agent under the laws of State of Mississippi and specifically from 1977 through date of filing of this Motion. Mowdy has also rendered pension plan and investment plan advice and served as a pension plan manager from 1982 to the present, and has worked as a pension plan consultant with national companies.

II.

Mowdy Financial, LLC is a Mississippi company formed on January 1, 2004. Mowdy Financial undertakes employee benefit consultation, individual financial consultation and conducts business as a licensed insurance entity. Mowdy Financial also serves as a pension plan investment advisor and pension plan manager.

III.

Defendant, Alliance Partners ("Alliance") is a Mississippi partnership with its principal place of business located in Ridgeland, Madison County, Mississippi. Alliance Partners partnership is solely owned by Mowdy Financial and The Planning Group and serves solely as a marketing tool for the services rendered by Mowdy Financial and The Planning Group. Alliance Partners has never conducted any business, in the State of Mississippi or elsewhere, has never received any income and has never had a tax identification number. Alliance has never owned any real or personal property, has never had any assets or any kind, has never employed any employees or undertaken any business, of any kind or to any extent.

IV.

Defendant, Alliance Trust Company, LLC ("Alliance Trust") is a Nevada corporation organized and existing under the laws of the State of Nevada and formed on December 7, 2005. Denis Damiens, Jr. and J. Randy Mowdy are the sole members of Alliance Trust Company, LLC ("Alliance Trust"). Alliance Trust Company conducts business as a trust company and renders investment advisory services for individuals and corporations.

V.

On October 14, 2005, KLLM and the KLLM Plan entered into a contract with John Hancock Life Insurance Company (U.S.A.) ("John Hancock") whereby John Hancock agreed to

accept the contributions of the KLLM Plan for the purpose of investing those contributions, and providing individual record keeping services for each participation of the KLLM Plan. Under the John Hancock contract with KLLM and the KLLM Plan, John Hancock served as the custodian and record keeper of the KLLM Plan. K. William Grothe, Jr., corporate officer with KLLM served as the KLLM Plan's Trustee. KLLM served as the "plan sponsor" of the KLLM Plan. Any and all fees and/or commissions to be paid under and/or pursuant to the John Hancock contract are set forth and contained therein and as attached hereto as Exhibit "A" and made a part hereof by reference.

## VI.

In conjunction with the execution of the John Hancock contract by the plaintiffs, KLLM and the KLLM Plan entered into a contract with Securities Services Network, Inc. ("SSN"). At the time that the plaintiffs entered into the SSN contract, Mowdy was a representative of the National Association of Security Dealers, Inc. ("NASD") which required that SSN serve as Mowdy's "broker/dealer" and that any and all compensation paid by or under the John Hancock contract to Mowdy or Mowdy Financial be first paid to SSN and verified and approved as proper and lawful under and pursuant to the John Hancock contract. A copy of the SSN contract is attached hereto as Exhibit "B" and made a part hereof by reference.

## VII.

On November 1, 2005 plaintiffs entered into a "Defined Contribution Retirement Plan Management Agreement" ("Mowdy Financial Contract"). The Mowdy Financial Contract with plaintiffs dealt with the management of the KLLM Plan. The Mowdy Financial contract is attached hereto as Exhibit "C" and made a part hereof.

VIII.

Section VI of the Mowdy Financial Contract reads as follows:

> **VI.   Our Fees:**
>
> **The fees paid for our services will be a percentage of the market value of the total assets in the Plan, as <u>determined by the John Hancock contract.</u>  You agree for the <u>Plan Investment Custodian</u> and/or <u>Record Keeper</u> to <u>deduct and pay these fees.</u> The Plan Investment Custodian and/or Record Keeper will send you a statement indicating all Plan expenses paid from your account, including our fees.**
>
> **In addition to the hard dollar cost disclosed, you should understand that the Plan assets will also be subject <u>to additional</u> <u>mutual fund management fees and expenses,</u> which include <u>soft dollar 12-b1 fees and which are described in the prospectuses of the mutual funds to be utilized,</u> paid by the mutual funds but ultimately borne by participants in the Plan.**

IX.

The Complaint filed by plaintiffs herein relies exclusively on representations purportedly made by Mowdy and/or the defendants regarding management fees to be charged and/or a letter purportedly prepared and signed by defendant Randy Mowdy.  However, plaintiffs failed and refused to attach or even reference the three (3) contracts referenced hereinabove between themselves and John Hancock, SSN and Mowdy Financial.  Contrary to the allegations contained in plaintiffs' Complaint, any and all fees and/or commissions to be paid to any and all persons or entities regarding the management and/or investment advisory services with respect to the KLLM Plan where clearly and specifically disclosed and contained in the John Hancock contract (Exhibit "A" hereto) and/or the SSN contract (Exhibit "C" hereto) and/or the Mowdy Financial Contract (Exhibit "B" hereto).

X.

Moreover, under the terms and conditions of the John Hancock contract, the SSN contract and the Mowdy Financial contract, John Hancock and SSN were specifically and completely responsible for the monitoring, regulation and payment of any and all fees and commissions to Mowdy and/or Mowdy Financial regarding the KLLM Plan.

## BASES FOR DISMISSAL OF AND/OR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT

XI.

It cannot be denied, that the plaintiffs' Complaint is void of any alleged conduct, or communications which purportedly occurred between the plaintiffs and either of the defendants, Alliance Partners or Alliance Trust (hereafter "Alliance defendants").  Plaintiffs' Complaint also fails to assert or establish any relationship, personal, business or otherwise, between the plaintiffs and the Alliance Partners.  Moreover, plaintiffs Complaint is completely silent as to ANY facts or circumstances wherein Alliance Partners was in any way or to any extent involved in the three (3) contracts attached hereto, or the payout of any fees and/or commissions paid thereunder.

Specifically, Alliance has never conducted any business, anywhere or to any extent, has no assets, receives no income, has no employees and never had any interaction or business dealings with either of the plaintiffs, of any sort or to any extent.  Likewise Alliance Trust never conducted any business with or received any compensation of any kind or amount from either of the defendants.  These facts are supported by the sworn testimony of J. Randy Mowdy, in his individual capacity and representative of defendants Alliance Partners and Alliance Trust Company, contained in the affidavit attached hereto as Exhibit "D" and made a part hereof.

XII.

Based upon the contracts attached hereto as Exhibits "A", "B" and "C", it is indisputable that any and all fees and/or commissions received by Mowdy or Mowdy Financial were established, monitored, approved and/or paid by John Hancock and/or SSN.  Neither Mowdy or Mowdy Financial had any control over or discretion in the amount of fees and/or commissions paid under the John Hancock contract.  Moreover, all fees and commissions paid pursuant to the retention, investment and management of the KLLM Plan assets were clearly and specifically **disclosed** to and agreed to by plaintiffs in each of the three (3) contracts attached hereto.  Consequently, the factual allegations contained in plaintiffs' Complaint are specious at best and otherwise downright gross misrepresentations.  Moreover, defendants assert that with no control over or discretion in the approval and payment of fees and commissions relating to the KLLM Plan, none of the defendants could be responsible for commission of an ERISA violation and specifically under 29 USC § 1104(a) or § 1106(b)(1) or (b)(3).

Accordingly, plaintiffs have failed to state a cause of action against all of the defendants under Rule 12b(6) FRCP.  Based on the three (3) contracts attached hereto as Exhibits "A", "B" and "C", there is no genuine issue of material fact as to what fees and/or commissions were paid, who and what controlled the payment of the fees and the terms and conditions of payment.  With none of the defendants being in control over or having any discretion in the payment of the fees complained of, there could be no ERISA violation and summary judgment against plaintiffs warranted.

XIII.

Defendants believe it _inconceivable_ but yet supportive of their Motion, that the only two (2) entities who had control over the fees and/or commissions paid by the KLLM Plan, and about

which plaintiffs complain, have obviously and knowingly **NOT** been made parties to this lawsuit!  In fact, the only two parties who would or could have any liability under ERISA, <u>for the payment of any and all fees and/or commissions,</u> are John Hancock and/or SSN!  While Mowdy Financial did have a contract with KLLM, paragraph VI thereof specifically restricted all fees and/or commissions received by Mowdy Financial to [those] **"determined by the John Hancock contract."**  In the same paragraph of Mowdy's contract, the plaintiffs agreed **"for the Plan Investment Custodian (John Hancock) and/or Record Keeper (John Hancock) to deduct and pay these fees."**  In addition, paragraph VI of Mowdy's contract also clearly and unequivocally stated that "in addition to the hard dollar cost disclosed, you should understand that the Plan assets will <u>ALSO</u> be subject to <u>ADDITIONAL</u> mutual fund management fees and expenses, which include SOFT DOLLAR 12-b-1 fees…" (emphasis added).  Defendants submit that John Hancock and SSN are necessary and indispensable parties to plaintiffs' Complaint and the only entities who possessed the contractual rights to determine, approve and pay any and all fees and/or commissions from the KLLM Plan.  Consequently, plaintiffs' Complaint should be dismissed against all defendants, with prejudice and/or Summary Judgment granted against the plaintiffs and in favor of all defendants.

XIIII.

On October 30, 2005, SSN, plaintiffs and Mowdy Financial entered into a contract whereby SSN would purchase and sell securities or other property in conjunction with/relation to the KLLM Plan.  (See Exhibit "B" to defendants' Motion).  Paragraph 15 of the SSN contract (Exhibit "B") is labeled "Agreement to Arbitrate Controversies" and specifically states that all controversies that arise between us concerning any "transactions" shall be determined by arbitration.  Accordingly, with fees and/or commissions having been paid by John Hancock to

SSN and from SSN to Mowdy Financial, as its broker dealer, any and all claims of plaintiffs regarding the payment of fees to SSN are required to be adjudicated under and pursuant to the arbitration requirements contained in paragraph 15 of SSN's contract, and plaintiffs' claims dismissed with prejudice.

XIV.

The sworn affidavit of defendant, J. Randy Mowdy, is attached to defendant's Motion as Exhibit "D" hereto and made a part hereof by reference.  J. Randy Mowdy's affidavit is made on behalf of all defendants named herein and in support for and verification of defendants' Motion.

**WHEREFORE PREMISES CONSIDERED,** the defendants file this their Motion to Dismiss/Motion for Summary Judgment under and pursuant to Rules 12(b) and 56, FRCP, and request this Court to dismiss plaintiffs' Complaint as to all counts and as against all defendants, and/or grant defendants Motion for Summary Judgment as to all plaintiffs and all counts contained in plaintiffs' Complaint filed herein against them.

Respectfully submitted,
Randy Mowdy, Mowdy Financial, LLC
Alliance Partners, and Alliance Trust Company, LLC
Defendants

By:   /s/ Steven H. Smith
       Steven H. Smith
       Andrew M. Newcomb
       Attorneys for Defendants


Steven H. Smith (MSB#7610)
Andrew M. Newcomb (MSB#101125)
Steven H. Smith & Associates, PLLC
1855 Lakeland Drive, Suite R-309
Jackson, MS 39216

Phone: 601.987.4800
Fax: 601.987.6600
Email: ssmith@shsattorneys.com
anewcomb@shsattorneys.com

CERTIFICATE OF SERVICE

     I hereby certify that on January 7, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using the EFC system which sent notification of such filing to the following:

    Clay Gunn
    Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
    P.O. Box 14167
    Jackson, MS 39236-4167

    So certified, this the 7th day of January, 2010.

                                        /s/ Steven H. Smith
                                        Steven H. Smith